**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 01-00435 CRB |
| Plaintiff, | **ORDER RE: RESENTENCING** |
| v. | |
| REGINALD AKINS, | |
| Defendant. | |

Defendant Reginald Akins was convicted of two counts of armed robbery, two counts of use of a firearm in furtherance of a crime, and felon in possession of a firearm. Although the jury found under the reasonable doubt standard that Akins merely used, rather than "brandished" a weapon during the offense, the Court found for sentencing purposes, under the preponderance of the evidence standard, that Akins brandished the weapon. The Court's finding resulted in a mandatory minimum sentence.

The Ninth Circuit affirmed Akins' conviction and sentence in an unpublished memorandum. United States v. Akins, 102 Fed.Appx. 88, 2004 WL 1398595 (9th Cir. May 11, 2004). Akins filed a petition for certiorari to the United States Supreme Court. While that petition was pending, the Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), and subsequently granted Akins' petition. The Supreme Court ordered the case remanded to the Ninth Circuit for consideration in light of Booker.

On July 26, 2005, the Ninth Circuit Court of Appeals remanded this action to this Court "for the purpose of determining whether the sentence imposed would be materially different under *Booker*, 125 S.Ct. 738." Although the government had previously submitted a brief to the Court of Appeals that argued that remand was unwarranted in light of the Supreme Court's decision in Harris v. United States, 536 U.S. 545 (2002), the Ninth Circuit's remand order makes no mention of Harris or the government's argument.

Then, on September 23, 2005, the Ninth Circuit decided United States v. Dare, 425 F.3d 634 (9th Cir. 2005). Dare held that under Harris, sentencing a defendant to a mandatory minimum based on judge-found facts does not violate the defendant's Sixth Amendment rights provided the sentence is not beyond the statutory maximum. 425 F.3d at 640-41. The court agreed that Harris "is difficult to reconcile with the Supreme Court's recent Sixth Amendment jurisprudence," id. at 641, but nonetheless held that it must follow Harris because it has not been expressly overruled by the Supreme Court. Id.; see also id. at 643–48 ( Bea, Circuit Judge, dissenting) (concluding that Harris is not good law after Booker).

This Court, too, agrees that Harris cannot be reconciled with Booker and is therefore not good law; thus, if it had the discretion to do so, it would resentence Akins. As a district court, however, the Court is bound by Dare. Because Dare is on all fours with this case, the Court concludes that it does not have the discretion to resentence Akins until the Ninth Circuit orders otherwise.

**IT IS SO ORDERED.**

Dated: March 8, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE